David Greenstein
17639 Sherman Way A-35
Van Nuys, Ca. 91406
PH. 818-575-6662 Fax. 818-337-3076
1988heopardychampion@gmail.com.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICE OF CALIFORNIA

DAVID GREENSTEIN

  Plaintiff,

vs.

THE COCA-COLA COMPANY, A
CORPORATION.

  Defendants

Case CV19-6989-AB (KSx)

COMPLAINT FOR FRAUD, BREACH
OF CONTRACT, RESTITUTION
AND INJUNCTION.

Date: 8 - 8 - 2019

David Greenstein

COMPLAINT FOR FRAUD, BREACH OF CONTRACT, RESTITUTION AND INJUNCTION. - 1

**PRELIMINARY STATEMENT**

1. Plaintiff brings this consumer protection and false advertising lawsuit against Defendant, based on Defendant's misleading business practices with respect to the packaging and sale of its Gold Peak Tea, 18.5 Fl oz. (hereinafter "product). Note pictures of the actual bottle attached hereto.

2. At all relevant times, Defendant has packaged, transported, designed and sold the Product in a clear plastic bottle (hereinafter "bottle").

3. The bottle was made and formed in such a way as to be misleading and deceptive, in the following particular(s).

   i. The bottom of the bottle is concaved, which concaved area impinges 6.39% into the space that would otherwise hold the liquid tea.

   ii. This concaved area can not be seen by the purchaser prior to purchase.

   iii. This concaved area serves no benefit to the product or the consumer, its sole purpose is to make it appear that the bottle has more tea in it than it actually does.

4. At the time of purchase, Plaintiff, as a reasonable consumer and as such, didn't expect the concaved bottom and believed he would be getting more tea than he actually received. Plaintiff had never purchased this product before.

5. Plaintiff relied on Defendant's deceptive forming of the bottle in purchasing the bottle, believing that the bottle would have more tea in it than it actually contained. Had Plaintiff  known that the bottle was deceptively made and formed, he would not have purchased it or would have paid significantly less for the Product.

6. Because plaintiff could not see the large concaved area, he could not comparison shop for a better deal.

COMPLAINT FOR FRAUD, BREACH OF CONTRACT, RESTITUTION AND INJUNCTION. - 2

7. At all times herein, defendants knew that the regulatory agencies, both state and federal, that enforce laws regarding false, misleading and deceptive packaging are underfunded, understaffed and overworked. Defendants elected to "play the odds" that they would not be caught filling the package with excessive slack fill as they did in this instance. Plaintiff   suffered injury in fact as a result of Defendant's deceptive practices.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d) (2) (A) because this case is between citizens of different states, and the amount in dispute is in excess of $75,000, exclusive of interests and costs. This figure does include costs of compliance with any injunctive order(s) this court may make as requested.

9. This Court has personal jurisdiction over Defendant because Defendant has sufficient minimum contacts in California or otherwise intentionally did avail itself of the markets within California, through its sale of the Product to California consumers and is registered with the California secretary of state to do business in California.

10. Venue is proper in this District pursuant to 28 U.S.C. 1391(a)(1) because Defendant regularly conducts business throughout this District, and a substantial part of the events and/or omissions giving rise to this action occurred in this District.

## PARTIES

11. Plaintiff David Greenstein is a citizen of California, residing within this District.

11(a) Defendant Coca Cola Company is a Delaware corporation.

12. In December, 2017, plaintiff purchased the product at Dollar Tree, 4747 W Century Blvd, Inglewood, CA 90304 and paid approximately $1.00 plus California sales tax for the product.

13. Plaintiff would not have purchased the Product or would have paid significantly less for the Product had he known that the bottle contained less tea then he expected when he viewed the bottle. Plaintiff therefore suffered injury in fact and lost money as a result of Defendant's misleading, false, unfair, and fraudulent practices, as described herein.

14. Defendant Coca Cola Company, with its principle executive offices located in Atlanta, Georgia, directly or through its agents, parent company, related entities, and/or subsidiaries, produces, manufactures, bottles, labels, distributes, markets, advertises and sells the Product nationwide, including in California through various retail distributors.

## FACTUAL ALLEGATIONS

15. At all relevant times, Defendant has manufactured, packaged, labeled, distributed, marketed, advertised, and sold the Product across California and in several states of the United States

## THE BOTTLE IS MISBRANDED UNDER
## BOTH CALIFORNIA AND FEDERAL LAW

16. 21 C.F.R. § 100.100 provides, *In accordance with section 403(d) of the act, a food shall be deemed to be misbranded if its container is so made, formed, or filled as to be misleading.*

17. California Health and Safety Code, Division 104, Part 5, (The Sherman Law) provides in relevant part:

i. §110375. (a) No container wherein commodities are packed shall have a false bottom, false sidewalls, false lid or covering, or be otherwise so

COMPLAINT FOR FRAUD, BREACH OF CONTRACT, RESTITUTION AND INJUNCTION. - 4

constructed or filled, wholly or partially, as to facilitate the perpetration of deception or fraud.

ii. §110375. (b) No container shall be made, formed, or filled as to be misleading.

iii. § 110690. Any food is misbranded if its container is so made, formed, or filled as to be misleading.

iv. § 110760. It is unlawful for any person to manufacture, sell, deliver, hold, or offer for sale any food that is misbranded.

v. § 110765. It is unlawful for any person to misbrand any food.

vi. § 110770. It is unlawful for any person to receive in commerce any food that is misbranded or to deliver or proffer for delivery any such food.

vii. § 111825.

(a) Any person who violates any provision of this part or any regulation adopted pursuant to this part shall, if convicted, be subject to imprisonment for not more than one year in the county jail or a fine of not more than one thousand dollars ($1,000), or both the imprisonment and fine.

23 Defendant's Product fit squarely within the foregoing since it is made, formed and filled to be deceptive as specified herein.

25. The Product' container is "made, formed and filled to be deceptive because of the concaved bottom.

18. Furthermore, the concaved bottom is non-functional as it does not fit into any of the safe-harbor provisions promulgated by the FDA:

(1) Pursuant to 21 C.F.R § 100.100(a) (1), the concaved bottom does not protect the contents inside.

COMPLAINT FOR FRAUD, BREACH OF CONTRACT, RESTITUTION AND INJUNCTION. - 5

Pursuant to 21 C.F.R § 100.100(a) (2), no packaging or machine enclosure requirements would require that the Product be packaged in a bottle with a concaved bottom.

Pursuant to 21 C.F.R § 100.100(a) (3), the concaved bottom is strictly a design of defendant.

Pursuant to 21 C.F.R § 100.100(a) (4), the Product' the concaved bottom does not "perform a specific function."

Pursuant to 21 C.F.R § 100.100(a) (5), the tea are not packaged in a bottle with a concaved bottom that is meant to be reused or otherwise used after consumption of the tea.

Pursuant to 21 C.F.R § 100.100(a) (6), Defendant does have the ability to change the design of the bottle to eliminate the concaved bottom.

## THE PRODUCT' PACKAGING IS
## MISLEADING TO CONSUMERS

19. Defendant's Product' packaging is misleading to plaintiff and other reasonable consumers.

20. Defendant knows, knew or should have known how the Product bottle is is made, formed and, because it and its agents manufacture, make, form and fill the bottles. Furthermore, the Product packaging governed by federal regulations that control the packaging of the Product, and therefore Defendant is, was aware, or should have been aware that its Product are not in compliance with regulations.

21. Additionally, Defendant knows, knew or should have known that Plaintiff and other consumers did and would rely on the size and style of the bottle in their decision of the Product, and would reasonably believe that the bottle had more tea in it,

22. According to Congress, "[c]onsumers develop expectations as to the amount of product they are purchasing based, at least in part, on the *size of the container*." Misleading Containers;   moreover, because "[p]ackages have replaced the salesman," "packaging becomes the 'final salesman' between the manufacturer and the consumer, communicating information about the quantity and quality of product in a container."

23. Furthermore, Plaintiff believes according to a peer reviewed journal article, an average consumer spends approximately 13 seconds purchasing a product in-store and approximately 19 seconds purchasing a product online.

24.  Plaintiff also believes according to peer reviewed journal article analyzing the effects container size and shape on consumer perception, "[p]ackages that appear larger will be more likely to be purchased."

25. In reasonable reliance on the size and style of the packaging, and believing that the Product would contain a larger amount of tea, Plaintiff purchased the Product.

26. Plaintiff did not know, and had no reason to know, that the Product actually contained a significantly less tea, because a view of the container did not expose the concaved bottom. Plaintiff, as a reasonable consumer, could not accurately determine the amount of tea in the bottle,  prior to purchasing it.

5 C.J. Gobb & W.D. Hoyer, *Direct observation of search behavior in the purchase of two nondurable product*, Psychology & Marketing 2: 161–179 (1985).

6 Priya Raghubir & Aradhna Krishna, *Vital Dimensions in Volume Perception: Can the Eye Fool the Stomach?*, 36 Journal of Marketing Research, No. 3, 313-326 (1999).

COMPLAINT FOR FRAUD, BREACH OF CONTRACT, RESTITUTION AND INJUNCTION. - 7

7 Peter R Dickson & Alan G. Sawyer, *Point of Purchase Behavior and Price Perceptions of Supermarket Shoppers*, Marketing Science Institute Report No. 86-102. Cambridge, MA: Marketing Science Institute (1986).

8 Omprakesh K. Gupta et al., *Package downsizing: is it ethical?* 21 AI & Society, No. 3, 239-250 (2007).

27. Research indicates that 90% of consumers make a purchase after only visually viewing the packaging but without physically having the product in their hands.

28. Because the package does not contain the amount of tea reasonably expected by Plaintiff and consumers, Defendant's uniform practice of deceptively making, forming and filling the bottle in the foregoing manner was and continues to be misleading and deceptive, and cheats consumers.

29. Should plaintiff go to purchase the product again, which he intends to do, he will be exposed to the same or substantially similar deceptive practice as to the Product, (1) contain the same misleading style of packaging.

30. Plaintiff and other consumers have paid money for the Product. More specifically, they paid for tea they expected but never received.

31. Plaintiff and other consumers would have paid significantly less for the Product had they known that the that the bottle was deceptively made, formed and filled so as to make plaintiff believe he was getting more tea than he actually was. In the alternative, Plaintiff and other consumers would not have purchased the Product at all had they known that the Product had less tea in it than they believed. Therefore, Plaintiff and other consumers purchasing the Product suffered injury in fact and lost money as a result of Defendant's false, unfair, and fraudulent practices, as described herein.

COMPLAINT FOR FRAUD, BREACH OF CONTRACT, RESTITUTION AND INJUNCTION. - 8

32. As a result of its misleading business practice, and the harm caused to    Plaintiff and other consumers, Defendant should be enjoined from making forming and filling the bottles deceptively as alleged herein. Furthermore, Defendant should be required to pay for all damages caused to Plaintiff.

33. Despite being misled by Defendant, Plaintiff would likely purchase the Product in the future if the package was filled with tea as indicated by the view of the bottle.  9 Jesper Clement, *Visual influence on in-store buying decisions: an eye-track experiment on the visual influence of packaging design, 23 Journal of Marketing Management*, 917–928 (2007).

## FIRST CLAIM FOR RELIEF

Violation of California's Unfair Competition Law ("UCL"),

California Business & Professions Code §§ 17200, *et seq.*

34. Plaintiff repeats the allegations contained in all the paragraphs above as if fully set forth herein.

35. Plaintiff brings this claim individually but with the desire to benefit California Consumer against Defendants' improper conduct.

36. UCL §17200 provides, in pertinent part, that "unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising . . . ."

37.  Under the UCL, a business act or practice is "unlawful" if it violates any established state or federal law.

38. Defendant's false and misleading advertising of the Product therefore was and continues to be "unlawful" because it violates 21 C.F.R. § 100.100 and 21 U.S.C. § 343(d), because The bottle is made, formed and filled so as to deceive consumers.

39.   As a result of Defendant's unlawful business acts and practices,

Defendant has unlawfully, unfairly and/or fraudulently obtained money from Plaintiff, and other California consumers.

40. Under the UCL, a business act or practice is "unfair" if the Defendant's conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous, as the benefits for committing such acts or practices are outweighed by the gravity of the harm to the alleged victims.

41. Defendant's wrongful conduct was and continues to be of no benefit to purchasers of the Product, as it is misleading, unfair, unlawful, and is injurious to consumers who rely on what they see when buying a bottled product, and reasonably assume the bottle to be full from that they see, which is not the case with the bottle referenced in this complaint. . The making, forming and filling of the bottle as alleged, causes consumer confusion as to the actual quantity of product in the bottle. Therefore, Defendant's conduct was and continues to be "unfair."

42. As a result of Defendant's unfair business acts and practices, Defendant has and continues to unfairly obtain money from Plaintiff, and other California consumers.

43. Under the UCL, a business act or practice is "fraudulent" if it actually deceives or is likely to deceive members of the consuming public.

44. A violation of an FTC rule or a state or federal statute meant to protect the public may be a per se violation • A merchant's good faith does not excuse technical noncompliance • A seller's lack of awareness of a regulation is no defense • To show deception under the FTC Act, intent, knowledge of wrongdoing, actual reliance or damage, and even actual deception are unnecessary. All that is

COMPLAINT FOR FRAUD, BREACH OF CONTRACT, RESTITUTION AND INJUNCTION. - 10

required is proof that a practice has a tendency or capacity to deceive even a significant minority of consumers

45. Defendant's conduct here was and continues to be fraudulent because it has the effect of deceiving all consumers into believing that the bottle contains a greater amount of tea when it does not.

**Defendant's conduct was "fraudulent."**

46. As a result of Defendant's fraudulent business acts and practices, Defendant has and continues to fraudulently obtain money from Plaintiff, and other California consumers.

47. Plaintiff requests that this Court cause Defendant to restore this unlawfully, unfairly, and fraudulently obtained money to Plaintiff, and to enjoin Defendant from violating the UCL or violating it in the same fashion in the future as discussed herein. Otherwise may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

**SECOND CLAIM FOR RELIEF**

**Violation of California's False Advertising Law ("FAL"),**

**California Business & Professions Code §§ 17500,** *et seq*

48. Plaintiff repeats the allegations contained in the paragraphs above as if fully set forth herein.

49. Plaintiff brings this claim individually and in the hope of benefiting all California consumers against Defendant.

50. California's FAL makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the public . . . in any advertising device . . . or in any other manner or means whatever, including over the Internet, any statement, concerning . . . personal property or services professional or otherwise, or performance or disposition thereof, which is untrue or

misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

51. Defendant has represented and continues to represent to the public, including Plaintiff, through their deceptive packaging, that the bottle of tea contained more tea than it actually did. Because Defendant has disseminated misleading information regarding their Product, and Defendant knows, knew, or should have known through the exercise of reasonable care that the representation was and continues to be misleading, Defendant violates the FAL.

52. Defendant knows, knew or should have known through the exercise of reasonable care that such representation was and continues to be unauthorized and misleading.

53. As a result of Defendant's false advertising, Defendant has and continues to fraudulently obtain money from Plaintiff and other California consumers.

54. Plaintiff request that this Court cause Defendant to restore this money to him, and to enjoin Defendant from violating the FAL or violating it in the same fashion in the future as discussed herein. Otherwise, Plaintiff and California Consumer may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

**THIRD CLAIM FOR RELIEF**

**Breach of Implied Warranty**

**California Commercial Code § 2314**

55. Plaintiff repeats the allegations contained in the foregoing paragraphs above as if fully set forth herein.

56. Plaintiff brings this claim individually and with the intent to benefit all California consumers against Defendant.

57. California Commercial Code § 2314(1) provides that "a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind." Cal. Com. Code § 2314(1).

58. California Commercial Code § 2314(2) provides that "[g]oods to be merchantable must be at least such as… (e)[a]re adequately contained, packaged, and labeled as the agreement may require." Cal. Com. Code § 2314(2)(e).

59. Defendant is a merchant with respect to the sale of food and confectionary product, including the Product here. Therefore, a warranty of merchantability is implied in every contract for sale of the Product to California consumers.

60. By making, forming and filling the bottle of tea as it currently does, Defendant has deceived Plaintiff and other consumers who purchased the product.

61. Defendant made an implied promise that the bottle would accurately reflect the amount of tea in it.

By the use of the concaved bottom of the bottle, Defendant has not "adequately…packaged" the Product as promised. Plaintiff and thus he did not receive the goods as impliedly warranted by Defendant to be merchantable. This is especially true in view of the fact that the bottle, as currently made, formed and filled, is illegal to sell or possess.

62. Therefore, the Product are not merchantable under California law, and Defendants have breached their implied warranty of merchantability in regard to the Product.

COMPLAINT FOR FRAUD, BREACH OF CONTRACT, RESTITUTION AND INJUNCTION. - 13

63. If Plaintiff had known that the Product were not legally packaged, he would not have purchased the Product, or if uncertain, would have purchased less of the product, or would not have been willing to pay the price associated with Product.

64. Therefore, as a direct and/or indirect result of Defendant's breach, Plaintiff has suffered injury and deserve to recover all damages afforded under the law.

## FOURTH CLAIM FOR RELIEF
## COMMON LAW FRAUD

65. Plaintiff repeats the allegations contained in the paragraphs above as if fully set forth herein.

66. Plaintiff brings this claim individually and with the hopes of getting benefits for all California consumers.

67. Defendant has willfully, falsely, and knowingly filled and packaged the Product in a manner indicating that the bottle had more tea in it than it actually did.  Therefore Defendant has made misrepresentations as to the Product.

68. Defendant's misrepresentations are and were material (i.e., the type of misrepresentations to which a reasonable person would attach importance and would be induced to act thereon in making purchase decisions), because they relate to the quantity of Product the consumer is receiving.

69, Defendant knew or recklessly disregarded the fact that the Product contained a significant amount of non-functional slack-fill.

70. Defendants intended and intends that Plaintiff and others consumers rely on these representations, as evidenced by Defendant intentionally

manufacturing and packaging the product in a package that is significantly larger than the volume of the contents inside.

71.  Plaintiff  reasonably and justifiably relied on Defendant's misrepresentations when purchasing the Product and had the correct facts been known, would not have purchased the Product or would not have purchased them at the prices at which they were offered.

72. To perpetrate the fraud, defendants did the following.

a. Defendants named herein as Does, conspired with the officers and upper level personal with an ownership interest in the company, to package the tea in such a way that the consumer could not know the true amount of volume in the package.

b. In furtherance of this conspiracy, said defendants made and approved a package style for the tea that did not allow the consumer to know the true amount of tea in the bottle due to how the bottle was made and formed.

c. These actions were taken since shortly after the product was introduced to the market.

d. In addition to designing a deceptive package as shown above, defendants caused the packages to be placed on shelves in retail stores so consumers could see the bottle and believe they contained more tea than they actually did.

e. Defendants withheld information from retailers as to the disparity between the amount tea actually in the bottle and what was the true amount, which was less than anticipated, due to the concaved bottom, so that the retailers would not question if the packaging was legal.

73. Therefore, as a direct and proximate result of Defendant's fraud,

Plaintiff suffered economic loss and other general and specific damages, including but not limited to the amounts paid for the Product, and any interest that would have accrued on those monies, all in an amount to be proven at trial.

## FIFTH CLAIM FOR RELIEF

### Intentional Misrepresentation

74. Plaintiff repeats the allegations contained in all paragraphs above as if fully set forth herein.

75, Plaintiff brings this claim individually, and for the benefit of California consumers.

76. Defendant has filled and packaged the Product in a manner indicating that the bottle was "full." However, the bottle contain approximately less than plaintiff and other consumers would anticipate. Therefore Defendant has made misrepresentations as to the Product.

77. Defendant's misrepresentations regarding the Product are material to a reasonable consumer because they relate to the quantity of product received by consumers. A reasonable consumer would attach importance to such representations and would be induced to act thereon in making purchase decisions.

78. At all relevant times when such misrepresentations were made, Defendant knew that the representations were misleading, or has acted recklessly in making the representations, without regard to the truth.

79. Defendant intended and intends that Plaintiff and others California consumers rely on the size and style of the Product' packaging, as evidenced by Defendant's intentionally manufacturing, marketing, and selling packaging that is significantly larger than the volume of the contents inside.

80. Plaintiff  justifiably relied on Defendant's intentional misrepresentations when purchasing the Product, and had the correct facts been

known, would not have purchased the Product or would not have purchased them at the prices at which it was offered.

81. Therefore, as a direct and proximate result of Defendant's intentional misrepresentations, Plaintiff  suffered economic loss and other general and specific damages, including but not limited to the amounts paid for the Product, and any interest that would have accrued on those monies, all in an amount to be proven at trial.

## SIXTH CLAIM FOR RELIEF

### Negligent Misrepresentation

82. Plaintiff repeats the allegations contained in all paragraph above as if fully set forth herein.

83. Plaintiff brings this claim individually and hoping to benefit California consumers.

84. Defendant has made, formed and filled the bottle in a manner indicating that the bottle had more tea than it actually did.

85. Defendant's misrepresentations regarding the Product are material to a reasonable consumer because they relate to the quantity of product received by the consumer.

986. (a) The reasonable consumer would attach importance to such representations and would be induced to act thereon in making purchase decisions.

87. At all relevant times when such misrepresentations were made, Defendant knew or was negligent in not knowing that that the bottle did not contain the amount of tea anticipated, due to how it was made and formed. misrepresentation is not false and misleading.

88. Defendant intended and intends that Plaintiff and others consumers rely on the size and style of the Product' packaging, as evidenced by

COMPLAINT FOR FRAUD, BREACH OF CONTRACT, RESTITUTION AND INJUNCTION. - 17

Defendant's packaging that is significantly larger than the volume of the contents inside.

89. Plaintiff has have reasonably and justifiably relied on Defendant's negligent misrepresentations when purchasing the Product, and had the correct facts been known, would not have purchased the Product or would not have purchased it at the prices at which they it was offered.

90. As a direct and proximate result of Defendant's negligent misrepresentations, Plaintiff has suffered economic loss and other general and specific damages, including but not limited to the amounts paid for the Product, and any interest that would have accrued on those monies, all in an amount to be proven at trial.

## SEVENTH CLAIM FOR RELIEF
### Breach of Contract

91. Plaintiff repeats the allegations contained in the paragraphs above as if fully set forth herein.

92. Plaintiff brings this claim individually and in the hopes of benefitting all California consumers.

93. In purchasing the Product, Plaintiff had formed valid contracts that are supported by sufficient consideration, pursuant to which Defendant is obligated to provide the Product that in a package that is substantially filled, and not deceptively represented by Defendant's packaging.

94. Defendant has materially breached its contracts with Plaintiff by selling a Product that are not in a package in a legal manner.

95. As a direct and proximate result of Defendant's breaches, Plaintiff was damaged in that he received a product with less value than the amounts paid. Moreover, Plaintiff has have suffered economic losses and other

general and specific damages, including but not limited to the amounts paid for the Product, and any interest that would have accrued on those monies, all in an amount to be proven at trial.

### EIGHTH CLAIM FOR RELIEF
### Quasi Contract/Unjust Enrichment/Restitution

96. Plaintiff repeats the allegations contained in all the paragraphs above as if fully set forth herein.

97. Plaintiff brings this claim individually and in the hopes of benefiting all California consumers.

98. As alleged herein, Defendant has intentionally and recklessly made misleading representations to Plaintiff induce him to purchase the Product. 105. Plaintiff reasonably relied on the misleading representations and have not received all of the benefits promised by Defendant. Plaintiff was induced by Defendant's misleading and false representations about the Product, and paid for it when he would and/or should not have or paid more money to Defendant for the Product than he otherwise would and/or should have paid. Plaintiff has conferred a benefit upon Defendant as Defendants have retained monies paid to them by Plaintiff.

99. The monies received were obtained under circumstances that were at the expense of Plaintiff and Plaintiff did not receive the full value of the benefit conferred upon Defendant.

100. Therefore, it is inequitable and unjust for Defendant to retain the profit, benefit, or compensation conferred upon them without paying Plaintiff for the difference of the full value of the benefits compared to the value actually received.

COMPLAINT FOR FRAUD, BREACH OF CONTRACT, RESTITUTION AND INJUNCTION. - 19

101. As a direct and proximate result of Defendant's unjust enrichment, Plaintiff is entitled to restitution.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually   seeks judgment against Defendants, as follows:

a) For an order declaring that Defendant's conduct violates the statutes and laws referenced herein;

b) For an order finding in favor of Plaintiff, on all counts asserted herein;

c) For injunctive relief directing that, in view of the unlawful criminal conduct of Defendants,  Defendant immediately cease and desist making, marketing, advertising, transporting or selling the product in California until such time as it is in compliance with both California and federal slack fill laws.

d) For punitive and/or exemplary damages as allowed;

f) For all costs of suit, and

e) Such other relief as this court deem just and proper

**DEMAND FOR TRIAL BY JURY**

Plaintiff demands a trial by jury on all issues so triable.


:

.

DAVID GREENSTEIN


**STATEMENT REGARDING FRCP RULE 11**

I David Greenstein, prepared this complaint and know the contents thereof.

COMPLAINT FOR FRAUD, BREACH OF CONTRACT, RESTITUTION AND INJUNCTION. - 20

I am familiar with FRCP Rule 11 and declare that as to the allegations in this complaint, I either know them as a fact to be true or believe them to be true based on my research, information and belief.

David Greenstein

COMPLAINT FOR FRAUD, BREACH OF CONTRACT, RESTITUTION AND INJUNCTION. - 21